IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                      ORDER

                Plaintiff,

                                                  08-cr-124-bbc

     v.

PHILLIP LATHROP,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       A final hearing was held in this case on February 20, 2009 before United States District Judge Barbara B. Crabb. The government appeared by Dan Graber, Assistant United States Attorney. Defendant was present in person and by counsel, Christopher Van Wagner.

       The government asked for a sequestration order. The request was granted. The government's case agent and defendant's investigator, Mr. Marklee, are exempt from the sequestration order. Both counsel and defendant agreed to allowing the magistrate judge to preside over the jury selection on Monday morning at 9:00 a.m. They are aware that the trial itself will begin Tuesday at 9:00 a.m. and will continue through Saturday if necessary.

       The defendant advised the court that he has no objection to the government's motion

1

in limine 1, involving the voice stress analysis test; to the government's motion in limine 2, concerning potential penalties; the government's motion on reasonable doubt; the government's motion in limine regarding maximum penalties of the cooperating witnesses; prior convictions of government witnesses; and the government's motion prohibiting any questions about the drug dealing conduct of the government's witnesses. The defendant may ask government witness Maki whether he was buying drugs from Morey in addition to buying them from defendant and also whether Morey was selling in defendant's bar. It may not ask any other questions about drug dealing by government witnesses.

    Defendant has objected to the government's use of a prior felony conviction of defendant. The objection is sustained. The only way in which evidence of this prior conviction could come in is if defendant opens the door to it in his testimony. In that event, the government is to discuss with the court the admissibility of the prior felony conviction in advance of using it to impeach the defendant.

The final motion pending was the government's motion for the introduction of intricately-related evidence. Defendant has no objection to this evidence.

Entered this 23d day of February, 2009.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge

3