IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 08-CR-124-bbc |
| ) | |
| PHILLIP C. LATHROP, ) | |
| ) | |
| Defendant. ) | |

PRELIMINARY ORDER OF FORFEITURE

Based upon the motion of the United States, the entire file of this case, and good cause appearing, the Court finds that:

1. On August 6, 2008, a federal grand jury sitting in the Western District of Wisconsin, returned a five-count indictment against the defendant, Phillip Lathrop. Count One charged Lathrop with arson. Counts Two through Five charged Lathrop with mail fraud relating to a scheme to defraud his insurance company, Capitol Indemnity Corporation. Count Six sought forfeiture of the criminal proceeds of the mail fraud scheme, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Count Six sought a money judgment equal to $253,038.39 in United States currency, which represented the amount of proceeds obtained as a result of the mail fraud scheme.

2. On February 27, 2009, after a three-day trial, the jury returned guilty verdicts against the defendant on all five counts in the indictment. Lathrop waived his right to a jury determination of the amount of the money judgment sought by the

government in Count Six. Lathrop stipulated that the criminal proceeds obtained as a result of the mail fraud scheme as charged in Counts Two through Five amounted to $253,038.39.

3. Pursuant to Rule 32.3(b)(1), as soon as practicable after a verdict of forfeiture, the Court must enter a preliminary order of forfeiture against the defendant. The entry of this order authorizes the United States to request seizure of assets, and to conduct discovery regarding the location of assets.

IT IS THEREFORE ORDERED:

1. Based upon the defendant's conviction on Counts Two through Five of the indictment, and his stipulation that the criminal proceeds obtained as a result of the mail fraud scheme as charged in Counts Two through Five amounted to $253,038.39, a personal money judgment of $253,038.39 is entered against the defendant Phillip C. Lathrop.

2. The United States is authorized to conduct discovery pursuant to Rule 32.2(b)(3) to determine the disposition of the fraudulently-obtained insurance proceeds from Capitol Indemnity Corporation, and to identify and locate the defendant's substitute assets.

3. All rights, title and interest of defendant Lathrop in the following property, is hereby forfeited to the United States:

   a. Lathrop's residence located at 16168 W. State Road 77, Hayward, Wisconsin 54843;

2

  b. One Black 2003 Ford Ranger, VIN: 1FTZR45E73PA51077;

  c. One Black 2004 Corvette, VIN: 1G1YY22G145116620;

  d. All monies currently located in Johnson Bank account number 108-050-4 in the name of Phillip Lathrop d/b/a Riteway Electric. Johnson Bank shall not take any offsets or withdrawals of the funds without prior approval of this Court. Furthermore, Johnson Bank shall ensure that the amount of funds in the above-stated account do not diminish in value as of the date of this order. Finally, Johnson Bank shall comply with this Order forthwith upon receiving notice of this Order, and fax service of this Order will constitute sufficient service of the Order.

 4. The defendant Lathrop, and his agents and nominees, are restrained, pursuant to 21 U.S.C. § 853(g), from withdrawing, transferring, removing, dissipating, or disposing of any property obtained as a result of the mail fraud scheme, or property which is traceable to such a violation, or property of equivalent value.

 5. The United States Marshal shall forthwith seize and retain the property ordered forfeited hereunder and shall take any other steps deemed warranted to preserve its availability for forfeiture (including inspection and videotaping) pending the conclusion of any third party proceedings which may be conducted in this matter pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n).

 6. The United States shall, promptly after the seizure of said property, initiate proceedings necessary to protect any third party interests in the substitute

property, pursuant to and in accordance with Rule 32.2(e)of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(n), prior to requesting entry of a final order of forfeiture with respect thereto.

7. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of the order and of its intent to dispose of the substitute assets in such a manner as the Attorney General may direct, and notice that any person, other than the defendant Lathrop, having or claiming a legal interest in the substitute assets must file a petition with the Court (and serve a copy on Assistant United States Attorney Dan Graber) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the substitute assets, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

8. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Title 21, United States Code, Section 853(n) in which all interests will be addressed. If no claims are filed within 30 days of the final publication

4

or receipt of actual notice, whichever is earlier, then, pursuant to Title 21, United States Code, Section 853(n)(7), the United States will move for a final order of forfeiture, and the United States Marshals Service, or any duly authorized law enforcement official, shall dispose of the property forfeited hereunder according to law.

DATED: *March 9, 2009*

*Barbara B Crabb*
BARBARA B. CRABB
Chief U.S. District Judge