# United States District Court
## Western District of Wisconsin

| | |
|---|---|
| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 08-CR-124-C-01 |
| PHILLIP C. LATHROP | **Defendant's Attorney:** Kelly A. Welsh |

The defendant, Phillip C. Lathrop, was found guilty on counts 1-5 of the indictment.

The defendant stipulated to the forfeiture amount of $253,038.59 in count 6 of the Indictment.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 844(I) and 2 | Maliciously Damaging and Destroying by Means of Fire Property Which Engaged in Activity that Affected Interstate Commerce (Aiding and Abetting); a Class C felony | August 16, 2003 | 1 |
| 18 U.S.C. § 1341 | Mail Fraud; Class C felonies | December 20, 2005 | 2-5 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | | |
|---|---|---|---|
| **Defendant's Date of Birth:** | September 15, 1969 | | March 10, 2010 |
| **Defendant's USM No.:** | 06722-090 | | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Jennifer Rohlfing (fiancee)<br>16168 West State Road 77<br>Hayward, WI 54843 | | /s/ Barbara B. Crabb |
| **Defendant's Mailing Address:** | c/o Dane County Jail<br>115 West Doty Street<br>Madison, WI 53713 | | Barbara B. Crabb<br>District Judge |
| | | | March 10, 2010 |
| | | | Date Signed: |

# IMPRISONMENT

As to each of counts one through five of the indictment, it is adjudged that defendant is committed to the custody of the Bureau of Prisons for a term of 84 months, with all terms to run concurrently with each other.

I recommend that defendant receive a prerelease placement in a residential re-entry center with work release privileges.

# RETURN

**I have executed this judgment as follows:**

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

Deputy Marshal

Case: 3:08-cr-00124-bbc   Document #: 203   Filed: 03/11/10   Page 3 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: PHILLIP C. LATHROP     CASE NUMBER: 08-CR-124-C-01     Second Amended Judgment - Page 3

# SUPERVISED RELEASE

The term of imprisonment is to be followed by a three-year term of supervised release on each count of conviction, with all terms to run concurrently. Defendant shall comply with the standard conditions of supervision.

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

*For offenses committed on or after September 13, 1994:*

Although the instant offense is not drug-related, the requirement for mandatory drug testing set forth in 18 U.S.C. § 3563(a) is not waived. Defendant shall submit to one drug test within 15 days of release from custody and at least 12 periodic tests thereafter.

In light of the nature of the offense and defendant's history and characteristics, the following special conditions are appropriate. Defendant is to:

(1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2) Provide the supervising U.S. probation officer any and all requested financial information;

(3) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer;

(4) Not transfer, give away, sell or otherwise convey any asset without the prior approval of the supervising U.S. probation officer;

(5) File all tax returns in a timely manner and provide copies of all federal and state income tax returns to the supervising U.S. probation officer. Defendant will apply 100 percent of his yearly federal and state tax refunds toward payment of restitution;

(6) Participate in mental health referral, assessment and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider. Defendant shall be required to obtain his own funding for services;

(7) Submit his person, property, residence, office or vehicle to a search conducted by a U.S. probation officer at a reasonable time and in a reasonable manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition; and

(8) If not employed at a regular lawful occupation, perform up to 20 hours of community service each week and participate in training, counseling, daily job search or other activities related to finding or preparing for employment, all as directed by the probation officer.

Case: 3:08-cr-00124-bbc   Document #: 203   Filed: 03/11/10   Page 4 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)   DEFENDANT:   PHILLIP C. LATHROP   CASE NUMBER:   08-CR-124-C-01   Second Amended Judgment - Page 4

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

Case: 3:08-cr-00124-bbc  Document #: 203  Filed: 03/11/10  Page 5 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)  DEFENDANT: PHILLIP C. LATHROP   CASE NUMBER: **08-CR-124-C-01**   Second Amended Judgment - Page 5

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $301,811.51 |
| 2 | $100.00 | | |
| 3 | $100.00 | | |
| 4 | $100.00 | | |
| 5 | $100.00 | | |
| **Total** | $500.00 | $0.00 | $301,811.51 |

It is adjudged that defendant is to pay a $500 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant is to pay restitution in the amount of $301,811.51 to the Clerk of Court for the Western District of Wisconsin for disbursement to Capitol Insurance Companies, Attn: Paul Petrovich, Senior Property Claims Examiner, 1600 Aspen Commons, Middleton, WI 53562-4719. Restitution of $253,089.59 represents the stipulated forfeiture amount. Defendant is also to pay restitution in the amount of $48,721.92 for the expenses incurred by the insurance company during its investigation and participation in the prosecution of the offense.

No interest is to accrue on the unpaid portion of the restitution obligation. Defendant does not have the means to make the full restitution at this time. Under 18 U.S.C. § 3664(f)(3)(B), defendant is to begin making nominal payments of a minimum of $250 a month within 30 days of his release from custody.

Under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. §2461(c) and his stipulation at the time of his conviction on counts one through five, defendant is to forfeit any property described in count six of the indictment.

Defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself and his children and to satisfy the court-ordered restitution in this case. Therefore, no fine is ordered.

# RESTITUTION

| NAME OF PAYEE | | TOTAL AMOUNT OF LOSS | AMOUNT OF RESTITUTION ORDERED | PRIORITY ORDER OF PAYMENT |
|---|---|---|---|---|
| Capitol Insurance Companies Attn: Paul Petrovich | | $ 301,811.51 | $ 301,811.51 | |
| | Totals: | $ 301,811.51 | $ 301,811.51 | |

Case: 3:08-cr-00124-bbc   Document #: 203   Filed: 03/11/10   Page 6 of 6

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: PHILIP C. LACHEROP     CASE NUMBER: **08-CR-124-C-01**     Second Amended Judgment - Page 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:

(1) assessment;
(2) restitution;
(3) fine principal;
(4) cost of prosecution;
(5) interest;
(6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.